UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALEJANDRO PIREZ; RYAN WALKER; SARA HAROLD; COMMONWEALTH SECOND AMENDMENT, INC.; and SECOND AMENDMENT FOUNDATION, INC., <br><br> Plaintiffs, <br><br> -against- <br><br> GREGORY LONG, in his official capacity as police commissioner of the city of Boston, <br><br> Defendant. | Civil Action No. <br> 1:20-cv-11933-DPW <br><br> SECOND AMENDED COMPLAINT |

Plaintiffs allege as follows:

1. This lawsuit concerns the Boston Police Department's substantial and untenable delays in processing and issuing firearms licenses. Anyone seeking a firearms license must wait for many months on a "wait list" just to begin the licensing process by submitting an application, and the Department then takes many more months to actually process the application and issue a license. These customs and practices, which often prevent people from obtaining licenses for more than a year, unjustifiably burden the right of the people to keep and bear arms.

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, 2201, 2202 and 42 U.S.C. § 1983.

3. This Court has personal jurisdiction over each of the Defendants because, *inter alia*, each acted, acts and threatens to act under the color of laws, policies, customs and/or practices of the Commonwealth of Massachusetts and each did so, does so and threatens to do so within the geographic confines of the Commonwealth of Massachusetts.

4.	Venue is proper pursuant to 28 U.S.C. § 1391.

5.	The Eastern Division is appropriate pursuant to LR 40.1(d)(1)(E) because a majority of the parties that reside in the District reside in the Eastern Division.

## PARTIES

6.	Plaintiff Alejandro ("Pirez") is a natural person residing in Boston, Suffolk County, in the Commonwealth of Massachusetts.

7.	Plaintiff Ryan Walker ("Walker") is a natural person residing in Boston, Suffolk County, in the Commonwealth of Massachusetts.

8.	Plaintiff Sara Harold ("Harold") is a natural person residing in Boston, Suffolk County, in the Commonwealth of Massachusetts.

9.	Plaintiff Second Amendment Foundation, Inc. ("SAF") is a not-for-profit corporation organized under Washington law with its principle office in King County, Washington.

10.	Plaintiff Commonwealth Second Amendment, Inc. ("Comm2A") is a non-profit corporation organized under Massachusetts law with its principal place of business in Natick, Middlesex County, in the Commonwealth of Massachusetts.

11.	Defendant Gregory Long ("Commissioner Long") is sued in his official capacity as the acting Police Commissioner of the City of Boston, responsible for general law enforcement functions within the town of Boston, including administration of firearms licensing. His business address is Boston Police Department, 1 Schroeder Plaza, Boston, MA 02120.

## CONSTITUTIONAL PROVISIONS

12.	The Second Amendment to the United States Constitution provides: "A well-regulated Militia being necessary to the security of a free State, the right of the people to keep and bear Arms shall not be infringed."

13.  The Second Amendment "guarantee[s] the individual right to possess and carry weapons in case of confrontation." *District of Columbia v. Heller*, 554 U.S. 570, 592 (2008).

14.  The Fourteenth Amendment to the United States Constitution provides in pertinent part: "No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

15.  The Second Amendment "is fully applicable to the States." *McDonald v. City of Chicago*, 561 U.S. 742, 750 (2010); *see also id.* at 805 (Thomas, J., concurring).

16.  The "core lawful purpose" of the right to keep and bear arms is "self-defense." *Heller*, 554 U.S. at 571, 630; *accord McDonald*, 561 U.S. at 767-68.

17.  The Second Amendment "elevates above all other interests the right of law-abiding, responsible citizens to use arms in defense of hearth and home." *Heller*, 554 U.S. at 635.

## PERTINENT STATUTES AND REGULATIONS

18.  In Massachusetts, it is unlawful to "own or possess" any handgun, rifle or shotgun unless one holds either a Firearms Identification card ("FID") or a License to Carry Firearms ("LTC"). *See* M.G.L. c. 140, §§ 129B-129C; *id.* c. 269, § 10(a, h).

19.  It is also illegal to possess "ammunition" unless one holds either a FID or LTC. *See* M.G.L. c. 140, §§ 129B-129C; *id.* c. 269, § 10(a).

20.  A person seeking a FID or LTC must meet specified requirements related to, *inter alia*, age, criminal background, and mental fitness. *See* M.G.L. c. 140, § 129B(1)(i)-(xi); *id.* § 131(d)(i)-(x). Furthermore, licensing authorities can deny FIDs and LTCs to individuals found to be "unsuitable" in that they otherwise "create a risk to public safety." *See id.* § 129B(1)(b), (d); *id.* § 131(d). Finally, a person must also complete state mandated training. *See id.* at § 131P(a).

21. Persons seeking a FID or LTC apply by submitting an application to their designated "licensing authority," which is generally their local police chief. *See* M.G.L. c. 140, §§121, 129B(1), 131(d).

22. There are no provisions in the law that permit a licensing authority to refuse to accept and process firearms license applications.

23. The firearms licensing process in the Commonwealth requires the licensing authority to forward one copy of the application and one copy of the applicant's fingerprints to the colonel of state police within seven days of the receipt of a completed application. *See* M.G.L. c. 140, §§129B(2), 131(e).

24. The firearms licensing process in the Commonwealth requires the colonel of the state police to advise the licensing authority within 30 days of any disqualifications to licensing. See M.G.L. c. 140, §§129B(2), 131(e).

25. On information and belief, the Firearms Records Bureau ("FRB") acts as the agent of the colonel of the state police with regards to firearms licensing processing.

26. The firearms licensing process in the Commonwealth requires the licensing authority to process an application within 40 days. *See* M.G.L. c. 140, §§131(e), 129B(2).

**GOVERNOR BAKER'S EXECUTIVE ORDERS**

27. In March of 2020, Massachusetts Governor Charles Baker declared a state of emergency in response to the COVID-19 outbreak and subsequently issued orders forcing "[a]ll businesses and other organizations that do not provide COVID-19 Essential Services [to] close their physical workplaces and facilities ('brick-and-mortar premises') to workers, customers, and the public." Since then various steps have been taken to reopen businesses and other organizations.

28.     Nothing in the Governor's COVID orders require or permit a licensing authority to refuse to accept and process firearms license applications.

### INJURY TO PLAINTIFF ALEJANDRO PIREZ

29.     Alejandro Pirez contacted the Boston Police Department in either late June or early July, 2020, to set up an appointment to submit an application for an LTC. Pirez was told that he was put on a "wait list" for an appointment.

30.     Pirez contacted the Boston Police Department in September, 2020 and was told that he would receive an email when his appointment is scheduled.

31.     On February 22, 2021, over seven months after he had first contacted the Police Department, the Police Department sent Pirez an e-mail with instructions for electronically submitting his application. Pirez then submitted his application electronically.

32.     The Boston Police Department still has not taken Pirez's fingerprints or photograph, nor even scheduled a time for doing so. Pirez has no idea when he will actually be able to obtain an LTC.

### INJURY TO PLAINTIFF RYAN WALKER

33.     Ryan Walker contacted the Boston Police Department in the first week of June, 2020, to set up an appointment to submit an application for an LTC. As with Pirez, Walker was placed on a wait list for an appointment.

34.     In July, August and October, 2020, Walker called the Boston Police Department to inquire about the status of his request for an appointment. Personnel in the Police Department told him that the Department was still working through the wait list.

35.     On December 23, 2020, more than six months after Walker had first contacted the Police Department, the Police Department sent Walker an e-mail with instructions for electronically submitting his application. Walker then submitted his application electronically.

36. Walker requested an update on February 3, 2021, and personnel in the Police Department told him that his application was "still on the website with hundreds of others. We will get to it soon."

37. Ten months after Walker first contacted the Police Department, the Police Department still has not taken Walker's fingerprints or photograph, nor scheduled an appointment for doing so. Walker has no idea when he will actually be able to obtain an LTC.

### INJURY TO PLAINTIFF SARA HAROLD

38. Sara Harold contacted the Boston Police Department on August 19, 2020 to obtain information on submitting an application for an LTC. Department personnel said they would put her on a "wait list" for an appointment.

39. Harold contacted the Police Department in August, October and December of 2020, and January, 2021, but never received any responses to her messages.

40. It has now been over seven months since Harold first contacted the Boston Police Department and she still has not even been able to make an appointment to formally apply for an LTC, let alone submit the application, or provide fingerprints and a photograph. Harold has no idea when she will actually be able to obtain an LTC.

### INJURY TO ORGANIZATIONAL PLAINTIFFS

41. Plaintiff Second Amendment Foundation, Inc. ("SAF") has over 650,000 members and supporters nationwide, including in the Commonwealth of Massachusetts. All of the individual plaintiffs are members of SAF. The purposes of SAF include promoting both the exercise of the right to keep and bear arms and education, research, publishing, and legal action focusing on the constitutional right to privately own and possess firearms. SAF also promotes research and education on the consequences of abridging the right to keep and bear arms and on the historical grounding and importance of the right to keep and bear arms as one of the core

civil rights of United States citizens. SAF brings these claims on its own behalf and on behalf of its members.

42. Plaintiff Commonwealth Second Amendment, Inc. ("Comm2A") is a nonprofit organization recognized under § 501(c)(3) of the Internal Revenue Code. The purposes of Comm2A include education, research, publishing, and legal action focusing on the constitutional right of the people to possess and carry firearms. Comm2A has members and supporters throughout (and beyond) Massachusetts, including all of the individual plaintiffs. Comm2A brings this action on its own behalf and on behalf of its members.

43. Defendant's delays in processing firearms license applications injure the individual members and supporters of Plaintiffs SAF and Comm2A by subjecting them to the same delays complained of herein. Delays are injuries that are inherently perishable, as individuals ultimately outlast the delay and obtain their licenses. As such, it may be necessary for Plaintiffs SAF and Comm2A to assert claims on behalf of additional individuals in the future.

## CAUSE OF ACTION FOR DEPRIVATION OF CIVIL RIGHTS
## 42 U.S.C. § 1983

44. As alleged above, and on further information and belief, Defendant, in his role as the Police Commissioner responsible for accepting and processing applications for FIDs and LTCs in Boston, has adopted a policy, custom or practice of delaying the processing of those applications by many months. First, Defendant requires individuals to wait six or more months on a wait list just to submit an application. Then, once a person has been able to formally apply, Defendant still takes many months to actually process the license by, among other things, taking their fingerprints in order to initiate the necessary background check.

45. For the time that they must wait, which can exceed a year, Defendant's policy, custom or practice completely prohibits law-abiding individuals from lawfully acquiring and

possessing firearms for the purpose of protecting their selves and their family families (or indeed, for any other lawful purpose).

46. States and localities do not have the power to prohibit the keeping and bearing of arms—nor to close off the channels of licensing by which people obtain firearms and ammunition.

47. The Defendant's policy, custom or practice, detailed above, has and continues to directly or effectively prohibit the Plaintiffs and the Plaintiffs' members, and other similarly situated members of the public, from acquiring or possessing firearms or ammunition, thus causing injury and damage that is actionable under 42 U.S.C. § 1983.

## PRAYER

WHEREFORE, Plaintiffs pray for the following relief:

i. a preliminary and/or permanent injunction restraining Defendant and his officers, agents, servants, employees, and all persons in concert or participation with them who receive notice of the injunction, from placing applicants for FIDs and LTCs on a wait list or otherwise refusing to promptly accept applications for FIDs and LTCs for processing;

ii. a preliminary and/or permanent injunction directing Defendant and his officers, agents, servants, employees, and all persons in concert or participation with them who receive notice of the injunction, to process applications for FIDs and LTCs, and either issue or deny the requested license, promptly after an individual has submitted a license application;

iii. a declaratory judgment that defendants' delays in accepting and processing FID and LTC applications prevents the lawful possession of firearms and thus violate the Second and Fourteenth Amendments;

iv. such other and further relief, including injunctive relief and nominal damages, against the Defendants, as may be necessary to effectuate the Court's judgment, or as the Court otherwise deems just and equitable; and

v. attorney's fees and costs (including incidental costs such as expert witness fees) pursuant to 42 U.S.C. § 1988 and any other applicable law.

Dated: April 30, 2021

Respectfully submitted,

THE PLAINTIFFS,

By their attorneys,

 /s/ David D. Jensen
David D. Jensen, Esq.
Admitted *Pro Hac Vice*
David Jensen & Associates
33 Henry Street
Beacon, New York 12508
Tel: 212.380.6615
Fax: 917.591.1318
david@djensenpllc.com

Jason A. Guida
BBO # 667252
Principe & Strasnick, P.C.
17 Lark Avenue
Saugus, MA 01960
Tel: 617.383.4652
Fax: 781.233.9192
jason@lawguida.com

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on Apr. 30, 2021.

 /s/ David D. Jensen
David D. Jensen