UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 1:20-11933-DPW

| | |
|---|---|
| BRANDON ALVES et al. | |
| Plaintiffs. | |
| v. | |
| DONNA M. MCNAMARA, et al. | |
| Defendants. | |

### DEFENDANT GREGORY LONG'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS PROPOUNDED TO PLAINTIFFS

Pursuant to Fed. R. Civ. P. 26 and 34, Defendant William B. Evans ("Commissioner Evans") hereby requests that Plaintiffs Alejandro Pirez, Ryan Walker, Sara Harold, ("individual Plaintiffs") Commonwealth Second Amendment, Inc. and Second Amendment Foundation, Inc. ("Organizational Plaintiffs") (collectively "you," "your," or "Plaintiffs") as well as any other member of the Organizational Plaintiff's groups who could be added as Plaintiff in the future, produce for inspection and/or copying all documents and things described in these document requests within thirty (30) days at the offices of the City of Boston Law Department, Room 615, City Hall, Boston, Massachusetts 02201; or at such other time and place as may be mutually agreed upon by counsel.

The Plaintiffs are reminded that Fed. R. Civ. P. 26(e) requires them to file supplemental responses promptly upon receipt of information rendering any responses previously filed inaccurate or incomplete.

**REQUEST NO. 1:** All non-privileged documents concerning any allegations in Plaintiffs' Second Amended Complaint.

**REQUEST NO. 2:** All photographs, videotapes, drawings, sketches, diagrams, or similar documents concerning any allegations in Plaintiffs' Second Amended Complaint.

**REQUEST NO 3:** All e-mails, text messages, social media posts or messages, or other electronic communications concerning any allegations in Plaintiffs' Second Amended Complaint.

**REQUEST NO. 4:** All reports concerning any allegations in Plaintiffs' Second Amended Complaint.

**REQUEST NO. 5:** All documents concerning any communications that relate in any way to any allegations in Plaintiffs' Second Amended Complaint.

**REQUEST NO. 6:**  All e-mails, text messages, social media posts or messages, or other electronic communications concerning any communications that relate in any way to any allegations in Plaintiffs' Second Amended Complaint.

**REQUEST NO. 7:**  Copies of all websites, message boards, applications that reflect communications concerning the issuance of firearms licenses by the Boston Police Department from January 1, 2020 to present.

**REQUEST NO. 8:**  All documents concerning any communications, contact, or other interaction between any Plaintiff(s), including members of the organizational plaintiffs, and the Boston Police Department (or any of its officers, employees, or anyone else affiliated in any way with the Boston Police Department).

**REQUEST NO. 9:**  All documents concerning any statements (oral or written) alleged in Plaintiffs' Second Amended Complaint to have been made by the Boston Police Department (or any of its officers, employees, or anyone else affiliated in any way with the Boston Police Department).

**REQUEST NO. 10:**  All e-mails, text messages, social media posts or messages, or other electronic communications concerning any non-privileged communications that relate in any way to the instant lawsuit.

**REQUEST NO. 11:**  All documents concerning any individual's application to the Boston Police Department for issuance or renewal of a license to carry firearms or FID card, regardless of whether the application was approved or denied.

**REQUEST NO. 12:**  All documents concerning any license to carry firearms or FID card issued by the Boston Police Department to any individual Plaintiff.

**REQUEST NO. 13:**  All documents from the Organizational Plaintiffs concerning any firearms licensing policies, procedures, customs, or practices of the Boston Police Department.

**REQUEST NO. 14:**  All documents from the Organizational Plaintiffs concerning advice, instruction, guidance, or education provided to its members for purposes of applying for a license to carry firearms or FID card to be issued by the Boston Police Department.

**REQUEST NO. 15:**  All non-privileged documents or communications from the Organizational Plaintiffs concerning the instant lawsuit.  This request includes but is not limited to such documents or communications distributed by the Organizational Plaintiffs to its members, to other Plaintiffs, or to the public and social media postings.

**REQUEST NO. 16:**  All documents regarding individual Plaintiffs' membership or any other association with the Organizational Plaintiffs.  This request includes but is not limited to contents of any individual Plaintiffs' membership files and any communications between the Organizational Plaintiffs and individual Plaintiffs.

**REQUEST NO. 17:**  All documents concerning any injuries or damages that any Plaintiff(s) allege to have sustained as a result of facts or occurrences described in Plaintiffs' Second Amended Complaint.

**REQUEST NO. 18:**  All documents concerning bills, expenses, or any other costs that any Plaintiff(s) allege to have incurred as a result of facts or occurrences described in Plaintiffs' Second Amended Complaint.

**REQUEST NO. 19:**  All documents concerning any restraint of any Plaintiff(s)' activities allegedly arising from any facts or occurrences described in Plaintiffs' Second Amended Complaint.

**REQUEST NO. 20:**  All documents that support any of Plaintiffs' claims against Commissioner Long.

**REQUEST NO. 21:**  All documents concerning any damages Plaintiffs claim are due from any Defendant.

**REQUEST NO. 22:**  All documents Plaintiffs intend to introduce at any hearing or trial of this matter.

**REQUEST NO. 23:**  All documents referred to or used to prepare Plaintiffs' answers to any of Defendants' interrogatories, including any documents identified in answer to any of Defendants' interrogatories.

**REQUEST NO. 24:**  All reports of each person whom Plaintiffs expect to call as an expert witness at a trial of this matter.

**REQUEST NO. 25:**  All documents concerning any non-privileged communications that relate in any way to the instant lawsuit.

Dated:  May 7, 2021                                Respectfully submitted:
                                                   **DEFENDANT GREGORY LONG**

                                                   By his attorney:
                                                   Eugene L. O'Flaherty,
                                                   Corporation Counsel


                                                     /s/ John Fahey
                                                   John Fahey (BBO#703399)
                                                   Assistant Corporation Counsel
                                                   Nieve Anjomi (BBO#651212)
                                                   Senior Assistant Corporation Counsel
                                                   City of Boston Law Department
                                                   City Hall, Room 615
                                                   Boston, MA 02201
                                                   (617) 635-4017
                                                   John.fahey@boston.gov


**CERTIFICATE OF SERVICE**

    I, John Fahey, hereby certify that on May 7, 2021, a true and correct copy of this document was sent to Plaintiffs' counsel via email at david@djensenpllc.com and jason@lawguida.com.

                                                     /s/ John Fahey
                                                   John Fahey